**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51941, 51942 & 51943**

| | |
|---|---|
| ANGELA MICHELLE GREEN, | ) |
| | ) Filed: July 31, 2026 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Custer County. Hon. Darren B. Simpson, District Judge.

Judgments summarily dismissing amended petitions for post-conviction relief, <u>affirmed</u>.

Angela Michelle Green, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

In these consolidated cases, Angela Michelle Green appeals from judgments summarily dismissing her amended petitions for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Green's appeals arise from three underlying criminal cases involving convictions for perjury, possession of methamphetamine, and fraud-related offenses. This Court previously affirmed Green's judgments of conviction and sentencing determinations in an unpublished opinion. *See State v. Green*, Docket Nos. 50838, 50839, and 50902 (Ct. App. Dec. 4, 2024).

Following the conclusion of the direct appeals, Green filed three pro se petitions for post-conviction relief, each challenging one of the underlying convictions. Appointed counsel

1

later amended Green's petitions. The amended petitions alleged multiple claims of ineffective assistance, including that trial counsel: (1) inadequately advised Green regarding the preliminary hearing in the drug case; (2) inadequately cross-examined a witness during the preliminary hearing in the fraud-related case; (3) failed to move to suppress evidence obtained during a search of Green's residence; (4) failed to adequately communicate with Green and involve her in trial preparation; (5) failed to provide discovery and discuss the State's evidence; (6) inadequately advised Green regarding the persistent violator enhancement; (7) inadequately advised Green regarding the terms of plea agreements; (8) failed to obtain or ensure a written plea agreement in the drug case; (9) failed to object to the State's sentencing recommendation as inconsistent with the plea agreements; and (10) allowed alleged constitutional error arising from the failure to suppress evidence obtained during the search of Green's residence. Green additionally alleged prosecutorial misconduct related to the State's sentencing recommendations. Green supported her petitions with her own affidavit, correspondence between herself and trial counsel, correspondence from trial counsel, and a handwritten timeline of events.

The State filed motions for summary dismissal in each post-conviction proceeding, supported in part by an affidavit from Green's trial counsel. The district court entered two written orders summarily dismissing the amended petitions. The district court concluded that Green failed to allege facts which, if true, would entitle her to relief on any of her claims. Green appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of

the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Green challenges the district court's summary dismissal of her amended petitions for post-conviction relief, asserting multiple claims of ineffective assistance of trial counsel and related constitutional error. To the extent Green's appellate briefing may be construed as raising claims not presented in her amended petitions, those issues are not properly before this Court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Furthermore, Green has made no specific assignment of error by the district court, arguing only generally that the district court "erred in several ways" by dismissing her claims. Where an appellant fails to assert assignments of error with particularity and to support his or her position with sufficient authority, those assignments of error are too indefinite to be heard by this Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Summary dismissal could be affirmed on this basis alone. Nevertheless, we address the claims presented to the district court and ruled upon in the summary dismissal orders.

**A.      Ineffective Assistance of Trial Counsel**

Green raises multiple claims of ineffective assistance of trial counsel arising from the drug and fraud-related cases.  A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act.  *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30.  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial.  *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In Green's amended petitions, she asserted that trial counsel performed deficiently during pretrial proceedings by inadequately advising Green regarding her preliminary hearings and inadequately cross-examined the victim in one of the preliminary hearings, failing to seek suppression of the evidence obtained during the search of her residence, and failing to adequately communicate with her or provide discovery.  Green also alleged trial counsel inadequately advised Green regarding the terms and consequences of the plea agreements, including the persistent violator enhancement.  The State responds that Green's allegations are unsupported by admissible evidence, contradicted by the record, or fail to establish prejudice.  We address each of these claims in turn.

**1.      Preliminary hearing**

Green asserts trial counsel inadequately advised Green regarding the preliminary hearing in the drug case and inadequately cross-examined the victim at the preliminary hearing in the fraud-related case.  Green contends that proper advice or additional cross-examination would have

prevented the cases from being bound over for trial. The State responds that Green failed to demonstrate prejudice because the record establishes probable cause supporting the charges and she later admitted the factual bases for the offenses by entering guilty pleas.

The district court concluded that Green failed to establish prejudice. With respect to the drug case, Green did not allege facts showing the outcome of the proceedings would have been different had she not waived the preliminary hearing. The probable cause affidavit which the district court relied on supported the charge, and Green later admitted the factual basis for the offense when entering her guilty plea. Green did not allege she would have rejected the plea agreement and proceeded to trial had she received different advice regarding the preliminary hearing.

In the fraud-related case, the record reflects trial counsel cross-examined the victim concerning Green's role as caregiver and the scope of the victim's authorization for financial activity. Green did not identify testimony likely to have altered the probable cause determination. Because Green later entered guilty pleas, she was required to show a reasonable probability she would have rejected the plea agreement and proceeded to trial absent trial counsel's alleged errors; Green failed to do so. Accordingly, the district court did not err in summarily dismissing the claims challenging trial counsel's preliminary hearing performance.

### 2. Suppression of evidence

Green contends trial counsel was ineffective for failing to move to suppress evidence obtained during execution of a search warrant at Green's residence, asserting the warrant was unsigned. The State argues that Green failed to support this claim with admissible evidence or demonstrate that a suppression motion would likely have been successful.

The district court determined this claim was unsupported because Green did not provide the allegedly defective warrant in the post-conviction proceeding or otherwise present evidence demonstrating that a motion to suppress would likely have been successful. The record further reflects trial counsel considered filing a suppression motion based on grounds Green raised with trial counsel but concluded that such a motion lacked merit. Because Green did not present evidence establishing either deficient performance or prejudice, the district court did not err in summarily dismissing this claim.

6

### 3. Communication and discovery

Green asserts trial counsel inadequately communicated with Green, failed to sufficiently involve her in trial preparation, and failed to provide discovery materials obtained from the State. Green contends limited communication prevented her from understanding the charges, evaluating the evidence, and making informed decisions regarding plea agreements. The State responds that Green's allegations are conclusory and fail to identify how additional communication or access to discovery would have affected her decision to plead guilty.

The district court concluded that Green failed to present evidence demonstrating that additional communication or access to discovery would have affected the outcome of the proceedings. Although Green referenced jail mail logs in support of these assertions, she did not submit them in the post-conviction proceedings. Trial counsel averred that he reviewed discovery with Green, discussed potential defenses, and included her in case strategy prior to the entry of her guilty pleas. Further, Green did not identify specific information in discovery that would have caused her to reject the plea agreements or proceed to trial. Nor did she allege facts demonstrating how additional consultation would have changed the outcome of the cases. The district court therefore did not err in determining that Green failed to establish a genuine issue of material fact on the prejudice prong and summarily dismissing these claims on that basis.

### 4. Plea agreements and persistent violator enhancement

Green contends trial counsel inadequately advised Green regarding the terms of the plea agreements and the consequences of the persistent violator enhancement in the drug case. The State argues that Green's post-conviction affidavit and the record of the plea colloquies demonstrate Green was advised of the consequences of her guilty plea and confirmed her understanding of the agreements.

The district court concluded these claims were refuted by Green's post-conviction affidavit and the record of the change of plea hearings. The transcript reflects that Green reviewed the plea agreements with trial counsel; discussed the plea agreements terms; and confirmed her understanding of the charges, penalties, and consequences of her guilty pleas. The district court specifically advised Green regarding the potential sentencing consequences associated with the persistent violator enhancement, including the possibility of a life sentence and the applicable mandatory minimum term. Further, Green did not identify any specific provision of the plea

7

agreements she did not understand, nor did she allege facts demonstrating she would have rejected the plea agreements and proceeded to trial absent trial counsel's alleged deficiencies. Accordingly, the district court did not err in summarily dismissing these claims.

**B.      Search of Green's Residence**

Green asserts that the search of her residence resulted in constitutional or fundamental error because the search warrant was unsigned. The State responds that Green failed to provide the allegedly defective search warrant and that the claim is unsupported and procedurally barred because it could have been raised on direct appeal. The State's brief in support of summary dismissal put Green on notice of I.C. § 19-4901(b), which requires a petitioner to make a substantial factual showing by affidavit, deposition, or otherwise why claims were not brought on direct appeal. The district court determined this claim was conclusory and unsupported because Green did not submit the allegedly defective search warrant as part of the post-conviction record and did not demonstrate that the alleged defect resulted in a constitutional violation.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on direct appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). Green's claim that the search violated the Fourth Amendment could have been raised in the trial court or on direct appeal. Because Green did not demonstrate a factual basis establishing a constitutional violation or showing why the claim could not have been raised earlier, the district court did not err in summarily dismissing this claim.

## IV.

## CONCLUSION

Green failed to present evidence establishing a genuine issue of material fact as to any claim of ineffective assistance of trial counsel or any constitutional violation. Accordingly, the district court's judgments summarily dismissing Green's amended petitions for post-conviction relief are affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR.**

8